No. 24-13427

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

SUFFOLK CONSTRUCTION COMPANY, INC.

*Appellant,*
v.

BERKLEY INSURANCE COMPANY and TITUS
CONSTRUCTION GROUP, INC.

*Appellees.*

---

On Appeal from the United States District Court for the
Southern District of Florida
No. 1:19-CV-23059-KMW

---

**Appellant/Cross-Appellee's Response to Jurisdictional Questions**

---

Charles M. Auslander
Fla. Bar No. 349747
Crabtree & Auslander
240 Crandon Blvd., Suite 101
Key Biscayne, FL 33149
Telephone: (305) 361-3770
Facsimile: (305) 437-8118
causlander@crabtreelaw.com
*Counsel for Appellant/Cross-Appellee*
*Suffolk Construction Co., Inc.*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for Appellant Suffolk Construction Company, Inc., submits the following Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 26.1-1 and 26.1-2 of the Rules of the United States Court of Appeals for the Eleventh Circuit:

1. Ankura Consulting LLC – Expert for Suffolk Construction Company, Inc. ("Suffolk")

2. Auslander, Charles, Counsel for Appellant Suffolk

3. Bennink, Michael – Expert for BIC

4. Berkley Insurance Company, 100% owned by Star Signet Corp., a privately held company owned 100% by W.R. Berkley Corp., a publicly traded company.  NYSE Stock ticker "WRB" – Appellee

5. Cardenas, Monique S. – attorney for Suffolk

6. Cavallaro, Ellen – Berkley Vice President, Surety Claims

7. Cozen O'Connor – attorney for Suffolk

8. Crabtree & Auslander, LLC – Counsel for Appellant Suffolk

9. Crabtree, John G. – Counsel for Appellant Suffolk

10. Domark, Jason – attorney for Suffolk

11. Diaz, Juan – attorney for Suffolk

12. Etcheverry, Edward – attorney for BIC

13. Etcheverry Harrison, LLC – attorney for BIC

14. Fernandez, Marcel – Suffolk's corporate representative

15. Foley & Lardner LLP – attorney for Suffolk

16. FTI Consulting – Expert witness for Suffolk

17. Geller, Jeffrey S. – attorney for BIC

18. Harrison, Guy W. – attorney for BIC

19. J.S. Held, LLC – Expert witness for BIC

20. Keime, Benjamin – attorney for Suffolk

21. Kerbel, Steve – attorney for BIC

22. Koffsky, Jacob – attorney for Suffolk

23. McGeehin, Patrick A. – Expert witness for Suffolk

24. Nicosia, Dominic – consultant for BIC

25. Nicosia Consulting, Inc. - consultant for BIC

26. Pardue, Nathan – corporate representative, president of Appellee TITUS

27. Perry, William – Expert witness for BIC

28. Pogorilich, David A. – Expert witness for Suffolk

29. Rayo, Janet – attorney for Suffolk

30. Rodriguez, Ralf R. – attorney for Suffolk

31. Schmid, Ryan – attorney for Suffolk

32. Signet Star Holdings, Inc. - Privately held company, owns 100% of the stock of Berkley Insurance Company

33. Smith, Leslie – attorney for Suffolk

34. Stevens, Glen – Expert for Suffolk

35. Stevens & Associates, Inc. – Expert for Suffolk

36. Suffolk Construction Company, Inc. – Appellant

37. Tackenberg, Brian C. - Counsel for Appellant Suffolk

38. Titus Construction Group, Inc. – Appellee

39. Torres, Edwin G. – United States Magistrate Judge

40. W.R. Berkley Corporation, a publicly traded company, NYSE Stock Ticker "WRB"; Owner of Signet Star Holdings, which is in turn owner of Berkley Ins. Co.

41. Williams, Kathleen M. – Southern District of Florida, District Court Judge

11th Cir. R. 26.1-3 Certification: W.R. Berkley Corporation, a publicly traded company, NYSE Stock Ticker "WRB" is the only publicly traded company or corporation that has an interest in the outcome of this appeal.

Dated: March 25, 2025

Respectfully submitted.

s/ *Charles M. Auslander*
Charles M. Auslander
Florida Bar No.: 349747

**Appellant/Cross-Appellee's Response to Court's Jurisdictional Questions**

Appellant/Cross-Appellee Suffolk Construction Company, Inc., (Suffolk) responds to the Court's Jurisdictional Questions. The Court has inquired whether it lacks jurisdiction over this appeal because the "Joint Stipulation for Partial Dismissal," (Joint Stipulation) (Doc. 43-1), filed in the district court on March 13, 2020, may not have effectively dismissed Count IV of Berkley Insurance Company's (Berkley) "Amended Complaint for Damages" (Berkley's Amended Complaint) (Doc. 30-13).

**Procedural Background**

There are five counts to Berkley's Amended Complaint. Counts I-III and V exclusively name Suffolk. Count IV names Suffolk and also names its co-sureties Liberty Mutual Insurance Company (Liberty), Federal Insurance Company (Federal), Fidelity and Deposit Company of Maryland (Fidelity) and Zurich American Insurance Company (Zurich). (Doc. 30-13).

The Joint Stipulation addresses only Count IV, stating:

> Plaintiff, BERKLEY INSURANCE COMPANY ("BERKLEY"), and Defendants, SUFFOLK CONSTRUCTION COMPANY, INC. ("SUFFOLK"), LIBERTY MUTUAL INSURANCE COMPANY ("LIBERTY"), FEDERAL INSURANCE COMPANY ("FEDERAL"), FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("FIDELITY") and ZURICH AMERICAN INSURANCE COMPANY ("ZURICH"), by and through their respective undersigned counsel and in accordance Rule 41 (a)(1), *Fed.R.Civ.P.*, and S.D. LOCAL RULE

1

> 16.1(b)(2), hereby stipulate that Count IV of BERKLEY's *Amended Complaint* in the above-styled action shall be dismissed, with all parties to bear their own costs and attorneys' fees.

(Doc. 43-1). The Joint Stipulation was executed through counsel's signature blocks, one on behalf of Berkley and the other on behalf of Suffolk, Liberty, Federal, Fidelity and Zurich. (*Id.*). Berkley's counsel, although also appearing on behalf of Titus Construction Group (Titus), did not execute the Joint Stipulation on behalf of Titus. (*Id.*).

The district court then entered a paperless order on the Joint Stipulation:

> PAPERLESS ORDER. THIS MATTER is before the Court on the Parties' joint stipulation for dismissal of Count IV of Plaintiff's Amended Complaint. Accordingly, upon review of the joint stipulation and the record, it is ORDERED that Count IV is DISMISSED, with all parties to bear their own costs and attorneys' fees. Signed by Judge Kathleen M. Williams on 3/13/2020. (jws) (Entered: 03/13/2020)

### Response to the Jurisdictional Questions

**1.  The efficacy of the Joint Stipulation.**

There appear to be two potential defects in the Joint Stipulation.

*First*, Titus was not a party to it, although Titus had previously appeared in the case one week before, on March 6, 2000. (Doc. 41-1). *Second*, the Joint Stipulation dismissed only Count IV of Berkley's Amended Complaint, and, in particular as to Suffolk, left the other counts pending.

Regarding the first concern, Titus had appeared on a "Joint Motion for Extension of Time to Serve Responses to Amended Pleadings," (Joint Motion), as a Third-Party Defendant, (Doc. 41-1), after being served. (Doc. 40-1). Titus' participation in this request for an extension of time seemingly suffices as an "appearance" before the district court. The Joint Motion was an affirmative request seeking relief from the district court, if that is still necessary to establish an appearance after having been served. *See Bradin v. Thomas*, 823 Fed. Appx. 648, 655 (10th Cir. 2020) (unpublished) (recognizing that an appearance is "any action on the part of [the] defendant … which recognizes the case as in court") (citation omitted).[1] Plainly, by participating in the Joint Motion to extend deadlines, including one of its own, (Doc. 40-2), Titus acted and hence appeared and participated in the action as a party.

The Court's precedent requires "each and every party that has thus far appeared in a lawsuit to sign a stipulation of dismissal …" *City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). If all parties cannot or will not sign the stipulation of dismissal, then the willing parties may proceed by Rule 41(a)(2), by seeking a court order to dismiss the action, by amending their complaint under Rule 15, or by seeking a partial final judgment under Rule 54(b) from

---

[1] *Bradin* relies on a case that distinguished between a general and special appearance, which is no longer a meaningful distinction in federal civil practice.

3

the district court. *Id.* at 1039.

Here, counsel for Suffolk signed the Joint Stipulation on behalf of Suffolk and its four sureties. Counsel for Berkley, which was the same law firm as appeared as counsel for Titus, signed only for Berkley. (Doc. 43-1). In sum, this first potential defect appears to be a genuine defect: Titus, either directly or through counsel, should also have signed the Joint Stipulation to make it effective. *City of Jacksonville*, 82 F.4th at 1038.

Returning to the second potential defect in the Joint Stipulation, it dismisses only one claim, (Count IV) within Berkley's Amended Complaint. (Doc. 43-1). The Court's precedent insists that a Rule 41(a)(1) voluntary dismissal "requires that a plaintiff dismiss the entire action," and "has unambiguously concluded that Rule 41(a) does not allow a plaintiff to voluntarily dismiss fewer than all of the claims brought in an action." *In re Esteva*, 60 F.4th 664, 675-76 (11th Cir. 2023).

Nevertheless, "Rule 41(a) allows a district court to dismiss all claims against a *particular* defendant. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144, n. 2 (11th Cir. 2023); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."). The term "action" as used in Rule 41(a)(1) and (a)(2) has been construed

by the Court to mean the entire case against a party. *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292-93 (11th Cir. 2023).

As to the four sureties, the Joint Stipulation does not suffer from a "pick and choose" problem, so it is compliant with *Rosell* and *Klay*, as Count IV was the only claim made in Berkley's Amended Complaint against the four sureties. The sureties did not seek relief by way of other pleadings and so, if the Joint Stipulation was otherwise effective, the sureties were properly dismissed.

But with respect to Suffolk, the Joint Stipulation dismisses only one of five counts of the Amended Complaint. (Doc. 43-1; 30-1, et seq.). Additionally, Suffolk filed a counterclaim against Berkley, and a Third-Party Complaint against Titus. (Docs. 32, 33).  Accordingly, as to Suffolk, the Joint Stipulation was not effective, as Suffolk remained an active party in the action.

### 2. The District Court's paperless order.

In *Sanchez*, the Court had before it a Rule 41(a)(1)(A)(ii) dismissal of defendant Blanco (based on a settlement), which was not signed by non-settling co-defendant Discount Rock. 84 F.4th at 1286. The Court held that this stipulation did not comply with subsection (a)(1)(A)(ii), however, "the district court's order dismissing the claim against Blanco satisfied rule 41(a)(2)—which allows a district court to dismiss an action by court order at a plaintiff's request." *Id.*

But, critically, "[a] plaintiff may not use Rule 41(a) to dismiss a single or discrete claim against a single defendant or against all defendants. … **This limitation applies to dismissals under both Rule 41(a)(1) and Rule 41(a)(2)**." *Baxter v. Santiago-Miranda*, 121 F.4th 873, 884 (11th Cir. 2024) (emphasis added). Thus, the conversion to rule 41(a)(2) authorized by *Sanchez* does not entirely work here, because the district court may only dismiss "the action" under that subsection of the rule. *See Sanchez*, 84 F.4th at 1291-92. "The action" was not dismissed against Suffolk, only one claim.

The next question vis-à-vis the use of subsection (a)(2) is whether the district court's paperless order provided "terms that the [district] court considers proper."

*Sanchez* explained that the 'Plaintiff-Blanco' stipulation considered in that appeal constituted the plaintiff's request for a voluntary dismissal of defendant Blanco under Rule 41(a)(2). *Id.* at 1292. The district court's order recited "terms [for dismissal] that the court considers proper." *Id.* There, the district court ordered dismissal without prejudice and retained jurisdiction to enforce the settlement agreement, and its order also expressly demonstrated that it had considered the stipulation, pertinent portions of the record and was fully advised in the premises. *Id.*

But unlike the stipulation before the district court in *Sanchez*, the Joint Stipulation did not meet the requirements of subsection (a)(2), which states that "an

*action* may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." (emphasis added). Therefore, it is unclear that the district court's paperless order recited dismissal terms that the district court considered proper.

In this respect, the paperless order stated that the "Parties' joint stipulation for dismissal of Count IV of Plaintiff's Amended Complaint" was before the court. (Doc. 44-1). No terms for dismissal that the district court considered proper are recited, unless the district court was impliedly stating that the terms of the Joint Stipulation were satisfactory in and of themselves.

In this way, the paperless order does not necessarily appear to meet the standard for expression of "proper" terms anticipated by *Sanchez*, and, if Suffolk is correct, the Joint Stipulation was not satisfactory because its terms did not meet the requirements of Rule 41(a)(1)(A)(ii) or (a)(2), in dismissing only a single claim against Suffolk.

It does appear, however, that the district court demonstrated its consideration of the Joint Stipulation, expressly stating that its order was entered "upon review of the joint stipulation and the record …" (Doc. 44-1). Nevertheless, the stipulation dismissed only one count against Suffolk, which was, according to the Court's precedents, not adequate as to Suffolk under subsection (a)(2). *Baxter*, 121 F.4th at 884.

The Jurisdictional Question additionally asks whether there are other district court orders that "properly effected the dismissal of Count 4." Suffolk does not believe

that there are. Here, the district court's detailed "Order" entering its findings of fact and conclusions of law following the bench trial does not address Count IV. (Doc. 241-1). Neither does the Amended Final Judgment address Count IV. (Doc. 291-1).

### 3. Rule 15 leave to amend.

Rather than utilize rule 41, a plaintiff should amend its complaint under Rule 15(a), in order to eliminate particular claims or issues from the case. *Baxter*, 121 F.4th at 884; *Rosell*, 67 F.4th at 1144; *Klay*, 376 F.3d at 1106.

In *Baxter*, the Court added that a party may fail to cite a rule or speak ambiguously when attempting to drop a claim or defendant. 121 F.4th at 884-85. In that circumstance, the Court "has construed a party's attempt in accordance with the appropriate rule." *Id*. But that did not happen here, as Berkley expressly dismissed Count IV under Rule 41(a)(1). (Doc. 43-1). The district court was not compelled to interpret the basis for the Joint Stipulation, which was expressly filed under Rule 41(a)(1). *Cf. Baxter*, 121 F.4th at 885 ("when a district court interprets a party's attempt to drop or conclude a claim, we construe that interpretation to align with the law.").

In *Rosell*, faced with an attempt "to dismiss one count rather than the entire action," in violation of Rule 41(a), the Court stated that the dismissed count was in reality still pending before the district court. 67 F.4th at 1144. With "no final decision

to review" the Court dismissed the appeal for lack of jurisdiction. *Id.*

In *Klay*, a complex case, the Court explained that it could treat a notice dropping certain claims as brought under Rule 15 rather than Rule 41. 376 F.4th at 1106. But this statement was hypothetical in that circumstance, as the Court reversed the district court's injunction on other grounds.  *Id.* at 1106-11.

It is therefore not clear based on the caselaw that the Court must direct the district court to consider a Rule 15 amendment at this time. Neither is it certain that the district court would necessarily have granted leave to Berkley to further amend the Amended Complaint to drop Count IV.

### 4.  Abandonment of a claim.

*Lowery v. Amguard Insurance Company*, 90 F.4th 1098 (11th Cir. 2024), may have tangential relevance to the Court's consideration of the Jurisdictional Questions. There, a partial final judgment on two counts of a three-count complaint was then "rendered … 'final' under Rules 54 and 58 after the [Plaintiffs] noticed their intent to abandon the third count. *Id*. at 1103.

The district court entered a final judgment on the basis that no claims remained to be adjudicated. *Id*. The Court treated the plaintiff's notice of intent to abandon count three as a Rule 15(a)(2) motion for leave to amend with leave of the district court, as the intention of the district court was "apparent from the face of the final judgment."

*Id*. at 1104.

An unpublished decision of the Court in *Silver Comet Terminal Partners v. Paulding Cnty. Airport Auth.*, No. 21-12906, 2023 WL 2988443 (11th Cir. April 18, 2023), may also bear on the Jurisdictional Questions. There, two plaintiffs sued one defendant. *Id.* at *1. The district court granted summary judgment for the defendant on two of plaintiffs' claims, leaving two issues for trial. *Id.* at *7-8. The district court ruled for the defendant at the subsequent bench trial. *Id.* at *8.

But the Court raised two jurisdictional questions, one of which involved whether a claim under the Georgia Open Records Act had been resolved by the district court. *Id*. at *9. The parties told the district court they would file a stipulated dismissal of this single Open Records count but never did. However, the parties did submit a jointly signed proposed pretrial order which recited "that it supersedes the pleadings which are hereby amended to conform to the proposed pretrial order." *Id*. In this manner, the parties expressly acknowledged that the bench trial would not include the Open Records claim. *Id*.

The Court concluded that this proposed pretrial order was functionally the same as a permissible Rule 15(a)(2) amendment to drop Count 5, and "coupled with the parties' statement to the district court that they intended to dismiss count 5 of the complaint, operated as the functional equivalent of a dismissal of Count 5." *Id*. at 10.

*Silver Comet* is not factually on all fours with the present situation. Titus did not sign the Joint Stipulation or any other document expressly dismissing Count IV, whereas in *Silver Comet* all the then-appearing parties signed the proposed order the Court equated with an amendment to the complaint.

Here, Suffolk acknowledges that the parties' pretrial stipulation, (Doc. 170), understandably makes no reference to Count IV, which could be considered under the rubric of 'abandonment.' The pretrial stipulation does include recitations by both Berkley and Titus, (*e.g.*, Doc. 170-23, 35), but Suffolk notes that the law firm's signature block for plaintiffs expressly signs the pretrial stipulation only on behalf of Berkley. (Doc. 170-35). Suffolk cannot say whether this was inadvertent or intentional.

But there is caselaw to the effect that the district court may deem issues abandoned if they are not referenced in a pretrial stipulation. *See Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 19-10771, 2021 WL 4438518 at *3-4 (11th Cir. Sept. 28, 2021) (citing *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1461 (11th Cir. 1998). These cases do not involve Rule 41(a)(1)(A)(ii), so they do not address whether a pretrial stipulation's non-reference to a previously dismissed claim suffices to cure the failure of all parties to sign the dismissal, or whether abandonment of a claim suffices to cure the dismissal of one count under the Rule.

In relation to abandonment of a claim, this circumstance is more analogous to

the Court's determination that an errant attempt to dismiss a count not an action by Rule 41(a)(1)(A)(ii) is not itself proof of an abandonment of that claim. *Fed Ex. Corp. v. Petlechkov*, No. 24-11911, 2024 WL 4602916 at *1 (11th Cir. Oct. 29, 2024) (Rule 41(a)(1)(A)(ii) stipulation does not equate with abandonment of a claim "in response to trial judge questioning.").

### 5. Relief Requested and Conclusion.

The Court should determine that the Rule 41(a)(1) Joint Stipulation dismissing Count IV was not effective because it was not signed by all parties that had appeared before the district court and, additionally, as to Suffolk, because it dismissed a singular claim, not the action. Accordingly, the Court should enter an order directing that the Amended Final Judgment, (Doc. 291), should be vacated because it is not a final judgment on which execution may issue. If the Court finds that it lacks appellate jurisdiction, then it should dismiss both the appeal and cross-appeal, (Docs. 294, 296), from the Amended Final Judgment, in addition to vacating that judgment.

Should the Court determine that it lacks appellate jurisdiction, and should Berkley seek leave to amend under Rule 15, the Court may consider remanding for the district court to consider whether to grant Berkley leave to further amend the Amended Complaint, subject to Suffolk's argument that it is unduly prejudiced by late amendment, or that conditions should be imposed on the grant of leave to amend.

In either event, the Court should remand with instructions to the district court to vacate the Amended Final Judgment on the basis that it is not 'final.'

s/ *Charles M. Auslander*
Charles M. Auslander
Florida Bar No.: 349747

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing Response complies with the typeface and type styles requirements of Fed. R. App. P. 32(a)(5) and Fed. R. Civ. P. 32(a)(6), and has been typed in Times New Roman, 14 point, and further certifies this Response complies with the with the word limits set forth in Fed. R. App. P. 27(d)(2) and 32(f), as it contains 2,835 words, excluding those items specifically exempted by the Federal Rules of Appellate Procedure and 11th Circuit rules.

s/ *Charles M. Auslander*
Charles M. Auslander
Florida Bar No.: 349747

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed this Response using the 11th Circuit Court of Appeals CM/ECF system, which will send a Notice of Electronic Filing of the document to counsel of record.

s/ *Charles M. Auslander*
Charles M. Auslander

Florida Bar No.: 379747
John G. Crabtree
Florida Bar No. 886270
Brian C. Tackenberg
Florida Bar No. 0107224
Crabtree & Auslander
240 Crandon Boulevard, Suite 101
Key Biscayne, Florida 33149
Telephone: (305) 361-3770
Facsimile: (305) 437-8118
jcrabtree@crabtreelaw.com
causlander@crabtreelaw.com
btackenberg@crabtreelaw.com
floridaservice@crabtreelaw.com